[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR PRELIMINARY INJUNCTION
CT Page 970
The plaintiff, Precision Computer Services, Inc. (Precision) offers onsite technical computer support services to its customers which involves assigning its employees to work, either on apart time basis, or essentially a full time basis, at a customers facility. Precision assigned one of its employees, the defendant Christopher Penhall (Penhall), to render computer related services to the defendant Panamsat Corporation (Panamsat) for approximately one year and a half until Penhall was assigned by Precision to work at a facility of a different customer. Several months after leaving Panamsat, Panamsat hired Penhall as an employee giving rise to the present lawsuit.
The plaintiff then instituted the present lawsuit asserting claims against Panamsat and others for breach of an agreement to pay a fee for the hiring of a Precision employee; tortious interference with a contractual relationship; punitive damages; violations of the Connecticut Unfair Trade Practices Act (CUTPA); unjust enrichment; and claims based upon breach of an employment agreement between the plaintiff and Penhall. The present proceeding involves the application by Precision for a temporary injunction enjoining the defendants from interfering with its contractual relationship with Penhall and to enjoin the employment by Panamsat of Penhall for a period of one year in accordance with its contract with Penhall.
The confidentiality and non-solicitation/non-interference agreement between the plaintiff and Penhall provides in Paragraph 3, in part, as follows:
 ". . . Chris Penhall will not directly or indirectly, independently, or in concert or association with others, solicit or otherwise seek, any computer related business from, sell or render any computer related goods or services to, any PCS [i.e. the plaintiff] customer to whom he sold or rendered any goods or services on behalf of PCS while employed by PCS; and will not, in any way, interfere with the relationship between PCS and any such customers; and will not, directly or indirectly, seek, obtain or accept employment with the following . . .: Compaq, Hewlett Packard, or with any subsidiary or affiliate of said companies."
Primarily, the plaintiff basis its claim for a temporary injunction on the language quoted above. The work orders and invoices prepared by the plaintiff and provided to its customers such as the defendant Panamsat CT Page 971 contain the following language:
 ". . . if at any time within one (1) year of the date of this Invoice, (or work order as the case may be) Buyer and/or affiliated or subsidiary company, either directly or indirectly, employs or contracts with such Employee, Consultant or Contractor for similar services, then Buyer shall pay to Seller an amount equal to Seventy Five Percent (75%) of the entire compensation agreed to be paid by the Buyer, and/or affiliated or subsidiary company to the Employee, Consultant or Contractor for his/her/its first year employment."
In order to obtain a temporary injunction, a plaintiff must demonstrate, in addition to irreparable harm and a favorable balance of the equities, a reasonable degree of probability of success on the merits. See Griffin Hospital v. Commission of Hospitals and Health Care,196 Conn. 451, 457 (1985); Fleet National Bank v. Burke, 45 Conn. Sup. 566,570-571 (Sup.Ct. 1998) (Teller, J.T.R.).
Given the fact that the agreement between the plaintiff and Penhall explicitly prohibits "employment" with entities such as Compaq and Hewlett Packard but does not utilize the word employment when referring to its own customers, and the fact that the invoices and work orders prepared by the plaintiff do not prohibit employment by its customers but only requires the payment of a fee in the event of employment, the court does not believe that the plaintiff has demonstrated sufficient probability of success on the merits of the case to cause the court to exercise its equitable powers by the issuance of a temporary injunction.
Accordingly the application for a temporary injunction is denied.
RUSH, J.